# APRIL, 1925.

TAS FRENCH v. THE STATE.

No. 7853.   Delivered April 15, 1925.

Rehearing denied May 20, 1925.

**1.—Keeping Premises in Violation of Liquor Laws—Companion Case.**

This is a companion case to cause No. 7851. Tas French v. State, original opinion Nov. 19, 1924, motion for rehearing overruled January 14, 1925, and most of the questions raised here, decided adversely to appellant's contention in that case. The indictment was attacked in this case for the same reasons advanced in the companion case, and the selection of the jury assailed. These questions all decided in the opinion in the companion case.

**2.—Same—Continuance—Properly Refused.**

Where a continuance is sought on the ground of the absence of witnesses, whose evidence, manifested in the record is so improbable as to be untrue, no error is manifested in the refusal of such continuance, or the refusal of a new trial based in part on said continuance.

ON REHEARING.

**3.—Same—Absence of Defendant—Not Reversible Error—When Voluntary.**

Where appellant is upon bond during the progress of his trial, and voluntarily absents himself from the court room, while his attorney is arguing a motion, and who in no wise makes known the fact of his absence to the court, will not be heard to complain of his own act. See Art. 837, C. C. P.

Appeal from the Criminal District Court of Travis County. Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from a conviction for keeping and being interested in keeping his premises for use in storing and manufacturing intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Travis County of keeping and being interested in keeping his premises for use in storing and manufacturing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

This is a companion case to cause No. 7851, Tas French v. State, original opinion November 19, 1924, motion for rehearing overruled January 14, 1925, and most of the questions raised here were decided adversely to appellant's contention in the opinion in that case.

The indictment was attacked in this case for the same reasons advanced in the companion case referred to, and the jury wheel law by means of which the panel of the jury were selected, was also attacked.

Appellant sought a continuance on account of the absence of certain character witnesses and one Dolon Menefee. The record so clearly manifests the entire improbability of the truth of the testimony stated as expected from said absent witness, that no error is manifested in the court's action in regard to the overruling of the continuance, or the motion for new trial based in part on the refusal of said continuance. Appellant sought a severance, but the facts stated are not deemed by us to entitle him to the same.

Officers conducted a raid upon the premises of appellant and found two stills, giving every evidence of use, and in the house, barns, outhouses, blacksmith shop, hen nests, prickly pear bushes and other places around the premises, found large quantities of whisky. While they were at the house appellant appeared. Appellant's statements in regard to the making of whisky were given in testimony by persons other than the officers. The evidence is deemed amply sufficient to support the judgment.

Some objections were made during the trial, but we have been unable to perceive error in any of the matters complained of. A very voluminous and lengthy motion for new trial was made, and complaint was there presented of misconduct of the jury, but the court heard evidence regarding each question raised in the motion and these matters have been considered by us and are not deemed of sufficient interest to set out at length. We have concluded no error appears in any of same.

The record is very voluminous, much of same consisting of the presentation of the same question from different angles, and the repetition of things such as lengthy motions to sever, to continue, to quash indictments, and other parts of the record in such intricate manner as to cause the court needless trouble in trying to comprehend the various questions presented.

There is no brief on file for the appellant, and as best we can we have examined and digested the various propositions, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that he be granted a rehearing because of his having absented himself from the court room for a short time while certain motions made by his attorney were being argued. The matter was presented to the court for the first time in appellant's motion for new trial, and was not discussed by us in our former opinion at any length. Our statutes, Art. 837 C. C. P., sets out the grounds upon which a new trial shall be granted. We find nothing therein nor in any decision by this court holding that one who is upon bond during his trial and who voluntarily absents himself from the court room while his attorney is arguing a motion, and who in nowise makes known the fact of his absence to the court during the trial, and who does not show that such absence was without the consent of his counsel or the court, and who waits until after the conclusion of the court and the rendition of a verdict against him,—can then thereafter successfully seek in motion for new trial to take advantage of his own act. For this court to lay down any such doctrine would be to invite efforts on the part of men charged with crime, who are on bond, to absent themselves from court rooms without the knowledge of the court, and after failing to give the trial judge an opportunity to again go over the matters, of any, which had taken place during the absence of the defendant, and thus obviate any possibility of injury, and then by showing upon motion for new trial the fact of such absence, undo the result obtained, no matter how much expense and loss to the State. We do not believe such proposition to be sound and decline to announce it as the law. At the time our statute which requires the accused to be present in court during his trial, was passed it was the law of this State that when the trial began, if the accused was on bond, his bond became at once functus officio and he was, thereafter, in custody of the sheriff as much as if he had never been on bond. It would be manifestly wrong in principle and in any application, to permit the State to take charge and custody of one accused of crime and then deprive him of the power of being present when any step was taken in his said trial. The statute in question was not passed for the purpose of enabling parties accused of crime to use it as a means of evading the consequences of trials or of delaying justice. Since the passage of the statute above referred to, our merciful law has been changed so as to enable

persons charged with crime and on bond at the time their cases are called for trial,—to remain under the bond during the trial and until its conclusion. They are no longer taken charge of and kept in custody by the sheriff until after the trial but are free to go when and where they please until a jury's verdict is rendered against them. According to the testimony offered by appellant in this case, it shows that he voluntarily left the court room and went about his business and returned when he got ready, and that when he walked into the court room his attorney was presenting some dilatory motions. Neither appellant nor his attorney communicated to the court in any way the fact that appellant had not been present during all of the time, and there is no showing that the fact of his failure to be there was observed or was known to any officer of the court.

Being of opinion that the motion is without merit, same will be overruled.

*Overruled.*